# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JEFF CHENEY, )
)
    Petitioner, )
)
v. ) Case No. 13-3111-CV-H-BCW
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)
)

## REPORT AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court *pro se* for a writ of habeas corpus in which he alleges that he is entitled to credit to his federal sentence for time he spent in federal custody between February 2007 and February 2008. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be **RECOMMENDED** that he be denied leave to proceed *in forma pauperis,* and the petition be **DENIED**.

### FACTUAL SUMMARY[1]

On February 23, 2007, while Petitioner Cheney was in Iowa state custody on a probation violation, he was indicted in the United States District Court for the Northern District of Iowa on drug charges. In March 2007, Cheney was temporarily transferred from the Iowa Department of Corrections (IDOC) to the custody of the United States Marshals Service (USMS) for

---

[1] The Court summarizes the facts as set forth by the Respondent, which are based upon the declaration of J.R. Johnson, BOP Correctional Programs Specialist. Johnson's declaration appears in the record as an attachment to the Response to the Order to Show Cause (Doc. 9).

prosecution on the federal charges pursuant to a writ of habeas corpus *ad prosequendum*. On February 21, 2008, United States District Judge Mark W. Bennett sentenced Cheney to a 216-month term of imprisonment on the federal charges. Cheney was returned to IDOC custody on March 6, 2008. On April 3, 2008, he was granted parole by the State of Iowa. USMS took Cheney into federal custody on May 9, 2008.

The Federal Bureau of Prisons (FBOP) initially computed Cheney's sentence as commencing on May 9, 2008, the date he was taken into federal custody, and ending on January 12, 2024. On June 22, 2011, United States District Judge Bennett issued an amended federal judgment, which ordered that Cheney's 216-month federal sentence run concurrently with Case FECR326353 from Webster County, Iowa. As a result, the FBOP recalculated Cheney's sentence giving him 77 days of credit for time served in Iowa. The FBOP determined that Cheney's sentence commenced on February 21, 2008, the date of sentencing, which was tantamount to designating the state facility where he was then located as the location where he began serving his federal sentence. His release date was recalculated as August 11, 2023.

Cheney filed the instant petition for writ of habeas corpus on October 15, 2012, in the sentencing court challenging the FBOP's calculation of sentence credit. Upon initial review, the District Court for the Northern District of Iowa determined that Cheney's petition raised a claim cognizable only in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which must be filed in the district in which he is incarcerated. The Northern District of Iowa transferred the case to this district on November 9, 2012, because Cheney is currently housed in the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri.

On April 25, 2013, after Cheney filed the instant petition for writ of habeas corpus, FBOP officials again reviewed Cheney's sentence computation, and found that he had been awarded

custody credit in contravention of 18 U.S.C. § 3585(b). His sentence was recalculated, and Cheney was awarded 52 days of prior custody credit toward service of his federal sentence. His projected release date was determined to be September 5, 2023.

Cheney now argues that he is entitled to over one year of additional credit toward his federal sentence, including credit for time spent in Iowa custody between February 2007 and February 2008, prior to the date his federal sentenced was imposed (Doc. 1). In response, Respondent argues that Cheney is not entitled to any additional credit because the BOP's calculation of his sentence comports with the relevant statutes and case law (Doc. 9). Cheney's appointed counsel filed a motion to withdraw as attorney asserting that Cheney's *pro se* claims lack merit because the BOP correctly calculated his sentence (Doc. 14).

## DISCUSSION

After a federal district court imposes sentence, the Attorney General, through the Federal Bureau of Prisons is responsible for calculating the sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). A district court has discretion, however, to determine whether a sentence will run consecutively or concurrently. *See* 18 U.S.C. § 3584; *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). The FBOP calculates the date for commencement of a federal sentence. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. 3585(a); *Hayes*, 535 F.3d at 910.

The FBOP may award credit for time served in "official detention" prior to the date the sentence commences, "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the

3

offense for which the sentence was imposed" as long as that time "has not been credited against another sentence." 18 U.S.C. § 3585(b); *Blood v. Bledsoe*, 648 F.3d 203, 207 (3rd Cir. 2011). Thus, an inmate may not receive "double credit" for time served in fulfillment of another sentence. *See Wilson*, 503 U.S. at 337; *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993).

After the district court issued its amended judgment specifying that Cheney's federal sentence was to run concurrently with Webster County, Iowa Case FECR326353, the FBOP recalculated Cheney's sentence and determined that his federal sentence commenced on the date it was imposed, February 21, 2008, instead of on the date Cheney was taken into the custody of the USMS. Based on the statute and supporting case law, the Court sees no error in that determination.

Cheney further argues that he is entitled to credit for the time he was in temporary custody of the USMS pursuant to the writ of habeas corpus *ad prosecuendum* between March 2007 and March 2008. Respondent contends that although Cheney was in USMS custody temporarily during that period, the state retained primary jurisdiction over him. In essence, Cheney was "on loan" from the State of Iowa to the USMS for prosecution of the federal charges, which does not constitute relinquishment of jurisdiction by the state. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

The Respondent's argument is well-taken. Under *Cole*, Cheney remained in state custody between March 2007 and March 2008. That time was credited toward his Iowa term of imprisonment. Pursuant to the prohibition against double credit in the statute and supporting case law, Cheney is not entitled to credit toward his federal sentence for his time in state custody between March 2007 and March 2008.

The Court has reviewed the FBOP's additional calculations regarding time credited to Cheney for dates spent in custody prior to the date his federal sentence commenced that were not counted toward another sentence, and for credits granted pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). The Court finds no error in those calculations.

Accordingly, the undersigned recommends that the FBOP calculation of Petitioner Cheney's sentence comports with applicable law and is therefore properly calculated.

### CONCLUSION

Therefore, based on all the foregoing, **IT IS HEREBY RECOMMENDED** that the petitioner be denied leave to proceed *in forma pauperis* and that the petition for writ of habeas corpus (Doc. 1) be **DENIED**.[2]

**IT IS FURTHER RECOMMENDED** that the Motion to Withdraw as Attorney (Doc. 14) be **GRANTED,** and all other pending motions be **DENIED** as **MOOT**.

**DATED: February 28, 2014**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

---

[2] Pursuant to Local Rule 74.1, the petitioner has fourteen (14) days within which to file written objections to the Report and Recommendations of the United States Magistrate Judge.