IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| JEFF CHENEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 6:13-CV-03111-BCW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on Magistrate Judge Rush's Report and Recommendation ("R&R") (Doc. #18) denying Petitioner's pro se motion for a writ of habeas corpus (Doc. #1). Petitioner filed objections to the R&R (Doc. #23), and Respondent filed a response (Doc. #27). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's motion for a writ of habeas corpus.

Petitioner objects to the R&R and argues that under 18 U.S.C. § 3585(b)(1) he should receive an additional 105 days of credit toward his federal sentence for time spent incarcerated in Hancock County Jail from January 11, 2006 to April 25, 2006. Section 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In this case, Petitioner was incarcerated in Hancock County Jail from January 11, 2006 to April 25, 2006 for possession of marijuana and drug paraphernalia. These charges are not directly related to the conspiracy charge for which Petitioner was convicted and sentenced by the federal court. Therefore, the Court finds that Petitioner is not entitled additional credit under 18 U.S.C. § 3581(b)(1).

Petitioner similarly is not entitled to credit under § 3585(b)(2). The date of Petitioner's federal offense is May 31, 2006, which is the latest date he engaged in activities resulting in his federal charge and conviction. This offense date is after the time he was incarcerated in Hancock County Jail. Therefore, Petitioner's incarceration from January 11, 2006 to April 25, 2006 was before—not after—the commission of his federal offense. For these reasons, Petitioner's first objection is overruled.

Petitioner also objects to the R&R and argues that he should have been awarded an additional 21.5 months of credit under United States Sentencing Guideline ("USSG") 5G1.3(b). Under this section, the sentencing court is instructed to adjust a sentence "[i]f . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level." Based on the Presentence Report (see Doc. #9-3 at 13–14), Petitioner's state court charges were not used to increase his offense level. Petitioner is therefore not entitled to the benefit of this section even assuming Petitioner brings this argument in the proper venue.[1] The Court overrules this objection.

After conducting an independent review of the rest of the record, the applicable law, and the parties' arguments, the Court adopts Magistrate Judge Rush's findings of fact and

---

[1] The Court notes that Judge Bennett states in his May 22, 2012 order that Petitioner "was sentenced pursuant to U.S.S.G. § 5G1.3(c)" and was not sentenced under U.S.S.G. § 5G1.3(b). See Cheney v. United States, No. 3:10-CV-03031-MWB, Doc. #28 at 6.

conclusions of law. To the extent necessary, the Court denies a certificate of appealability because the issues raised are not debatable among jurists, a court could not resolve the issues differently, and the questions do not deserve further proceedings. Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994). Accordingly, it is hereby

ORDERED for the reasons stated in the Report and Recommendation (Doc. #18), Petitioner's pro se motion for a writ of habeas corpus (Doc. #1) is DENIED. To the extent necessary, a certificate of appealability is DENIED. It is further

ORDERED Petitioner's objections to the Report and Recommendation (Doc. #23) are OVERRULED. It is further

ORDERED Petitioner is denied leave to proceed *in forma pauperis*. It is further

ORDERED the Motion to Withdraw as Attorney (Doc. #14) is GRANTED. It is further

ORDERED all other pending motions are DENIED AS MOOT. It is further

ORDERED Magistrate Judge Rush's Report and Recommendation be attached to and made part of this Order.

IT IS SO ORDERED.


DATED: August 20, 2014 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT